```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

REGINALD TAYLOR,
                        Petitioner,          DECISION AND ORDER
                                             No. 1:11-CV-1078(MAT)
     - vs -

DAVID UNGER,

                        Respondent.
_____
```

## I.  Introduction

Reginald Taylor ("Taylor" or "Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his constitutional rights. Taylor was convicted by guilty plea in Supreme Court of Erie County, New York, to one count of attempted criminal possession of a weapon in the second degree and one count of violating the terms of his probation.

## II.  Factual Background and Procedural History

On April 17, 2009, Taylor and his co-defendant Kenneth Pettway ("Pettway") were charged in a single-count indictment with criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03(3)). The charge stemmed from an allegation that on February 11, 2009, Taylor and Pettway were in possession of a loaded pistol found in a vehicle in which they had been riding. Taylor also was charged with violating the terms of his probation which had been imposed for a previous felony conviction.

Following a suppression hearing, the trial court (Buscaglia, J.) ruled that the police had acted properly in stopping and searching Taylor's vehicle, and that the pistol would not be suppressed.

Taylor pleaded guilty on October 16, 2009, to attempted criminal possession of a weapon in the second degree. One of the stated conditions of the plea agreement was that Taylor waive his right to appeal. During the colloquy and prior to the entry of the plea, trial counsel stated that Taylor wished to reserve his right to appeal the denial of the suppression motion. Ultimately, however, Taylor agreed to enter his plea according to the originally stated conditions-that is, with a waiver of his appellate rights.

On February 19, 2010, Taylor pleaded guilty to violating the terms of his probation for which he was sentenced to five years of imprisonment and three years of post-release supervision. This sentence was set to run concurrently with his sentence of five years of incarceration and five years of post-release supervision for the attempted weapons-possession conviction.

On direct appeal, Taylor argued that he did not effectively waive any challenge to the trial court's suppression ruling; the trial court erred in denying the motion to suppress; the probation violation conviction should be reversed because it, and the underlying charge, were based on improper police conduct; and the

sentence for the probation violation conviction was unduly harsh and excessive and should be modified in the interests of justice.

The Appellate Division, Fourth Department, of New York State Supreme Court unanimously affirmed both convictions on September 30, 2011. People v. Taylor, 87 A.D.3d 1310, 930 N.Y.S.2d 336 (4th Dept. 2011). Leave to appeal to the New York Court of Appeals was denied on December 1, 2011. People v. Taylor, 18 N.Y.3d 362 (2011).

This timely habeas petition followed in which Taylor raises the same grounds for relief as he asserted on his direct appeal. For the reasons that follow, Taylor's request for a writ of habeas corpus is denied, and the petition is dismissed.

**III. Discussion**

    **A.**    **Validity of Appellate Rights Waiver**

Petitioner contends, as he did on direct appeal, that the record does not establish that the appellate rights waiver precluded him from challenging the suppression ruling. In the alternative, Petitioner argues, if the waiver is interpreted preclude review of the suppression issue, then it is invalid because the record does not show that Petitioner knowingly waived the right to raise that issue on appeal.

The Appellate Division found that although Taylor "initially sought to reserve his right to appeal with respect to the court's suppression ruling during the plea colloquy," it was "apparent from

the record that [he] abandoned that request." Taylor, 87 A.D.3d at 1311. The record established that Taylor "agreed to waive his right to appeal without any reservations and stated on the record that he did so 'knowingly, intelligently and voluntarily' after speaking with defense counsel[.]" Id. (quotation and citation omitted). Furthermore, the Appellate Division found, the trial court "specifically addressed the fact that the waiver of the right to appeal" was "'separate and distinct from those rights automatically forfeited upon a plea of guilty' and cautioned defendant concerning the effect of a waiver of the right to appeal][.]" Id. (quotation and citation omitted). Finally, the Appellate Division rejected Taylor's contention that his appellate rights waiver was invalid because the trial court did not specifically inform him that his general waiver of the right to appeal encompassed the suppression ruling. Id. (citation omitted).

Petitioner argues that the presence of several off-the-record colloquys concerning the appellate rights waiver requires an inference that he did not knowingly and effectively waive his rights. However, this Court has reviewed the transcript and concludes that the Appellate Division did not unreasonably determine the facts in denying Taylor's claim. See 28 U.S.C. § 2254(d)(2).

Moreover, Taylor's appellate rights waiver claim does not set forth an error of constitutional magnitude redressable in this

habeas proceeding. Taylor is correct that as a matter of New York state law, the record "must establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty. . . ." People v. Lopez, 6 N.Y.3d 248, 256 (2006). However, federal habeas relief is not available to redress mere errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted); 28 U.S.C. § 2254(a).

Taylor has not cited, and the Court is not aware of, any federal precedent standing for the proposition that the trial court must employ specific language when apprising a defendant pleading guilty of the individual rights relinquished. Accordingly, this claim is dismissed as not cognizable. Accord, e.g., Salaam v. Giambruno, 559 F. Supp.2d 292, 298 (W.D.N.Y. 2008) (finding petitioner's claim that his waiver of appellate rights was invalid because the trial court "did not ask petitioner to explain in his own words his understanding of what this waiver meant" did not state a basis for habeas relief).

**B.   Erroneous Denial of Suppression Motion**

On direct appeal, Petitioner argued that the suppression court misunderstood or glossed over numerous legal and factual matters, and he requested that the Appellate Division exercise its fact-finding authority. The Appellate Division summarily rejected Taylor's challenges as "without merit[.]" Taylor, 87 A.D.3d at 1311

(citations omitted). This claim, which asserts violations of the Fourth Amendment, is barred from habeas review under the doctrine of <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976).

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Stone v. Powell</u>, 428 U.S. at 494 (footnotes omitted). The Second Circuit has carved out two exceptions wherein federal habeas review might be warranted: (1) "[i]f the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." <u>Id.</u> at 840; <u>accord</u> <u>Capellan v. Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992).

Here, Taylor took advantage of the "full and fair opportunity" to litigate his Fourth Amendment claim by using New York's statutory mechanism for seeking the suppression of evidence allegedly tainted by an unlawful search and seizure. <u>McPhail v. Warden, Attica Corr. Facility</u>, 707 F.2d 67, 69 (2d Cir. 1983); <u>see also</u> <u>Capellan</u>, 975 F.2d at 70 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate"). The suppression court's denial of relief does not amount to an unconscionable breakdown in

New York's corrective process. See Capellan, 975 F.2d at 71 ("Even if . . . the Appellate Division erroneously decided this issue, a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result.") (citation omitted). Taylor's Fourth Amendment claim accordingly must be dismissed without reaching the merits.

**C. Police Misconduct**

Petitioner contends that the conviction for violating the terms of his probation should be reversed because the conviction, along with the underlying charge of second degree attempted criminal possession of a weapon, were tainted by improper police conduct. Petitioner reasons that he would not have pleaded guilty to violating his probation "but for" the trial court's erroneous ruling on his suppression motion in connection with the weapons-possession charge. According to Petitioner, the probation charge was the product of the same police actions whose alleged illegality tainted the evidence seized, and therefore the charge only could be proven based upon inadmissible evidence. The Appellate Division rejected this claim in its summary, one-line affirmance of Taylor's conviction based on the probation violation.

In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court held that when a criminal defendant on advice of counsel has solemnly admitted in open court that he is guilty of a charged offense, he may not thereafter raise independent claims relating to

deprivation of constitutional rights that occurred prior to the plea. Id. He may only attack the voluntary and intelligent character of the plea. Id. "In other words, under Tollett, the only issue reviewable by a federal court on a habeas petition is whether the guilty plea in state court was knowing, intelligent, and voluntary." Siao-Pao v. Keane, 878 F. Supp.2d 468, 472 (S.D.N.Y. 1995).

Viewing the claim as one of police misconduct does not change the result. The allegedly improper misconduct occurred prior to the entry of Taylor's guilty plea, and thus is barred under Tollett. See, e.g., Lloyd v. Walker, 771 F. Supp. 570, 575 (E.D.N.Y. 1991) ("[T]hose claims concerning the conduct of the investigating and arresting police officers, . . . which are exhausted and not barred from federal review by procedural default in the state courts, would have to be dismissed since they were waived by petitioner's guilty plea.") (citing Tollett, 411 U.S. at 267); see also Smith v. Lacy, No. 01 CIV. 4318(DC), 2002 WL 826825, at *7 (S.D.N.Y. Apr. 30, 2002) ("With his guilty plea, petitioner waived his claim of police misconduct during his arrest. At his plea allocution, petitioner declared that he understood that by pleading guilty he was waiving a number of his constitutional rights. Among the rights that petitioner waived was the right to contest his allegedly illegal stop and frisk and coerced confession. Therefore, petitioner's claim of police misconduct is meritless.").

Moreover, even though Taylor styles his claim as one of alleged misconduct, at bottom it is an assertion that his Fourth Amendment rights were violated. Since Fourth Amendment rights are nonjurisdictional, a knowing and voluntary guilty plea waives claims stemming from an alleged Fourth Amendment violation. See, e.g., United States v. Arango, 966 F.2d 64, 66 (2d Cir. 1992) (holding that defendant's guilty plea waived his right to object to the constitutionality of the search of his van); Tobon v. United States, 132 F. Supp.2d 164, 168 (S.D.N.Y. 2001) (finding that petitioner who pled guilty waived Fourth Amendment claims in habeas petition). Here, Taylor's Fourth Amendment claims were addressed in a suppression hearing prior to his plea. Ultimately, as the Appellate Division found, Taylor abandoned his request to reserve a right to appeal the suppression ruling. Instead, his plea was negotiated on the condition that he waive his right to appeal. Further, there is nothing in his petition suggesting that his plea was not voluntary and intelligent. Therefore, his right to seek collateral relief on this ground was waived. Accord White v. Sabourin, No. 00 CIV 3287(LAP)(RLE), 2002 WL 418023, at *5, (S.D.N.Y. March 13, 2002).

**D. Harsh and Excessive Sentence**

A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d

1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing <u>Townsend v. Burke</u>, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")).

Here, Taylor was sentenced as promised to two concurrent terms of imprisonment of five years, thereby resulting in an aggregate term of incarceration of five years. By statute, he could have been sentenced to a maximum of fifteen years on each conviction, and the sentences could have been set to run consecutively to each other. Because Taylor's sentences fall well within the statutory range, his challenge to their length does not present a cognizable constitutional issue. <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992).

**IV. Conclusion**

For the reasons discussed above, the petition (Dkt. #1) filed by Reginald Taylor is dismissed. As Taylor has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would

not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 23, 2012
         Rochester, New York.